**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

ALAN THOMPSON, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

CENTURYLINK COMMUNICATIONS, LLC,

    Defendant.

_____

**CLASS AND COLLECTIVE ACTION COMPLAINT**
**AND JURY DEMAND**
_____

Plaintiff Alan Thompson, on behalf of himself, and all others similarly situated, by and through counsel, for his Complaint against Defendant CenturyLink Communications, LLC ("CenturyLink" or "Defendant") states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Alan Thompson is a former Engineer II for CenturyLink in Video Operations. He performed manual and clerical tasks for which CenturyLink paid him a salary.

2. CenturyLink classified Plaintiff Thompson and other Engineers as exempt employees even though Plaintiff Thompson never managed or supervised any employees, and did not otherwise qualify for any overtime exemption.

3. Defendant CenturyLink is traded on the New York Stock Exchange under symbol "CTL" and "is a global communications and IT services company focused on connecting its customers to the power of the digital world. CenturyLink offers network and data systems

management, big data analytics, managed security services, hosting, cloud, and IT consulting services. The company provides broadband, voice, video, advanced data and managed network services over a robust 265,000-route-mile U.S. fiber network and a 360,000-route-mile international transport network." *See* CenturyLink website: http://www.centurylink.com/aboutus/companyinformation/.

4. This is a FLSA collective action brought by Individual and Representative Plaintiff Thompson on his own behalf and on behalf of the proposed nationwide FLSA class.

5. Plaintiff Thompson and the Video Engineer putative class members are or were employed by CenturyLink as "Engineer II" in Video Operations and other like jobs with similar job titles, and were denied overtime as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. The Video Engineer II FLSA Collective Class is made up of all persons who are, have been, or will be employed by Defendant as an "Engineer II" in the Video Operations Business Unit and other like employees (collectively as "Video Engineer IIs"), within the United States at any time within the last three years (the "Collective Period").

7. During the Collective Period, Defendant failed to pay overtime compensation to each member of the Video Engineer FLSA Collective Class.

8. Defendant's failure to pay overtime compensation to each member of this Collective Class violates federal law. Plaintiff seeks relief for the Video Engineer FLSA Collective Class under the FLSA to remedy Defendant's failure to pay all wages due, pay overtime compensation, and maintain accurate time records.

9. Plaintiff Thompson also brings this action as class action under Fed. R. Civ. P. 23 on behalf of himself and all other similarly situated Video Engineer IIs because CenturyLink violated the applicable Colorado Minimum Wage Order, 7 CCR § 1103, and the Colorado Wage Act, Colo. Rev. Stat. §§ 8-4-101, *et seq.* (collectively, the "Colorado Wage Order") by illegally classifying Video Engineer IIs as exempt from overtime.

10. CenturyLink's policy and practice is to deny earned wages including overtime pay to its Video Engineers. In particular, CenturyLink requires these employees to perform work in excess of forty (40) hours per week, but fails to pay them overtime by illegally classifying all such employees as exempt from the overtime requirements.

11. CenturyLink's deliberate illegal classification of its Video Engineers as exempt from the overtime requirements results in CenturyLink willfully violating the FLSA.

## PARTIES

12. Plaintiff Alan Thompson currently resides in Denver, Colorado. CenturyLink employed Plaintiff Thompson as an Operations Tech II and Engineer II from approximately June 2010 to January 2013 in VoIP Support. CenturyLink then employed Plaintiff as an Engineer II in Video Operations from about February 1, 2013 to around October 2015 at Defendant's location in Denver, Colorado. Plaintiff Thompson's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

13. Defendant CenturyLink is a Delaware limited liability company with its principal office located at 100 CenturyLink Dr., Monroe, LA. CenturyLink does business in this judicial district and nationwide both physically and thru the internet and other media.

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

15. This Court has supplemental jurisdiction for the claim asserted under Colorado state law in that the claim is part of the same case and controversy as the FLSA claim, the state and federal claims derive from a common nucleus of operative facts, the state claim will not substantially predominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

16. The United States District Court for the District of Colorado has personal jurisdiction because CenturyLink conducts business within this District.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as CenturyLink has offices, conducts business, and can be found in this District, and the causes of action set forth herein have arisen and occurred in part in this District. Venue is also proper under 29 U.S.C. §1132(e)(2) because CenturyLink has substantial business contacts within the state of Colorado.

## FACTUAL ALLEGATIONS

18. CenturyLink is "an integrated communications company engaged primarily in providing an array of communications services to [its] residential, business, governmental and wholesale customers. [Its] communications services include local and long distance, broadband, private line (including special access), MultiProtocol Label Switching ("MPLS"), data integration, managed hosting (including cloud hosting), colocation, Ethernet, network access, video, wireless and other ancillary services." "Based on [its] approximately 12.4 million total access lines at December 31, 2014, [they] believe [they] are the third largest wireline telecommunications company in the United States." *See*

4

CenturyLink 10-K Annual Report for the fiscal year ended December 31, 2014 at p. 3: http://ir.centurylink.com/Cache/29201996.PDF?Y=&O=PDF&D=&FID=27934439&T=&OSID=9&IID=4057179.

19. At all relevant times, CenturyLink has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

20. At all relevant times, CenturyLink employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees.

21. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00, which is the threshold test for the "enterprise" requirement under the FLSA.

<u>Video Engineer IIs</u>

22. CenturyLink paid Plaintiff Thompson and other Video Engineer IIs a salary with bonus eligibility without paying Video Engineer IIs overtime compensation.

23. CenturyLink uniformly applied its salary and bonus payment structure to all Video Engineer IIs.

24. Defendant suffered and permitted Plaintiff Thompson and other Video Engineer IIs to work more than forty hours per week without overtime compensation for all overtime hours worked.

25. For example, while a Video Engineer II, Plaintiff Thompson's actual work hours varied from day-to-day. However, his regular schedule had him working Mondays through Fridays, generally from 8:00 am until 4:30 pm, with many additional work hours after 4:30 pm including on-call work and maintenance work. Additionally, Plaintiff Thompson worked on average two to three weekend days each month including on-call work. As

5

such, during this time period, Plaintiff Thompson's work schedule had him working an average of 60-65 hours per week.

26. However, Defendant only paid Plaintiff Thompson for his first forty hours worked, failing to pay him at any rate of pay, let alone his regular rate of pay or his overtime rate of pay, for the extra approximately 20-25 overtime hours that he worked per week.

27. CenturyLink knows and/or knew Plaintiff Thompson and other Video Engineer IIs worked more than forty hours in a week because CenturyLink expected Plaintiff Thompson and other Video Engineer IIs to be available to work and answer emails from CenturyLink management employees in the evenings and on weekends.

28. CenturyLink treated Plaintiff Thompson and other Video Engineer IIs as exempt employees and therefore did not pay them overtime compensation even though they worked overtime hours. Defendant uniformly applied this policy and practice to all Video Engineer IIs.

29. In reality, Plaintiff Thompson and other Video Engineer IIs are and were non-exempt employees who are and were entitled to overtime pay.

30. CenturyLink is in the business of communication services. Plaintiff Thompson's and other Video Engineer IIs' work is and was directly related to providing these communication services to customers.

31. Plaintiff Thompson and Video Engineer IIs did not regularly supervise the work of two or more employees.

32. Plaintiff Thompson and Video Engineer IIs did not regularly exercise discretion and independent judgment as to matters of significance or perform office work related to CenturyLink's general business operations or its customers' general business operations.

6

33. Plaintiff Thompson and Video Engineer IIs had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

34. CenturyLink did not pay Plaintiff Thompson and other Video Engineer IIs on an hourly basis.

35. CenturyLink did not require that Plaintiff Thompson and other Video Engineer IIs have a professional degree or license to perform the job.

36. All Video Engineer IIs are similarly situated in that they share common job duties and descriptions, and were all subject to CenturyLink's policy and practice that designated them as exempt and thus they all performed work without overtime compensation.

37. Because CenturyLink did not pay Plaintiff Thompson and other Video Engineer IIs for all the hours they worked including overtime hours, CenturyLink's wage statements did not accurately reflect all hours Plaintiff Thompson and other Video Engineer IIs worked.

38. CenturyLink did not pay Plaintiff Thompson and other Video Engineer IIs overtime pay for hours they worked in excess of 40 hours per week.

39. Accordingly, CenturyLink did not provide Plaintiff Thompson and other Video Engineer IIs with all compensation owed to them, including their unpaid overtime, at the time they separated.

## COLLECTIVE AND CLASS ALLEGATIONS

### FLSA Collective Action

40. Plaintiff brings Count I (violation of the FLSA) as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b) seeking to recover all unpaid overtime compensation, and related penalties and damages pursuant to the FLSA.

7

41. Plaintiff brings this collective action on behalf of himself and all current and former Video Engineer IIs who work(ed) for Defendant at any time within the last three (3) years, were/are classified as exempt from the FLSA's overtime requirements, and have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty (40) hours per week.

42. The number and identities of other plaintiffs yet to opt in and consent to be party plaintiffs are currently unknown to Plaintiff. The identity of these individuals is readily available to Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

## Colorado Overtime Class

43. Plaintiff brings Count II (violation of the Colorado Order) as a class action pursuant to Fed. R. Civ. P. 23(b)(3), seeking to recover damages and related penalties pursuant to the Colorado Wage Order, on behalf of himself and the following class of persons:

    All current and former Video Engineer IIs and similarly situated employees of CenturyLink who have worked or will work at CenturyLink's office locations in Colorado at any time during the period beginning three years before the filing of this lawsuit and ending at the time judgment is entered, who were subject to CenturyLink's policy of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek and/or more than twelve (12) consecutive hours in a single workday.

44. The members of the above class shall be referred to as the "Colorado Video Engineer II Overtime Class Members."

45. Plaintiff, individually and on behalf of the above Colorado Video Engineer II Overtime Class Members, brings a class action based on the Colorado Wage Order. This state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

8

46. Plaintiff and the Colorado Video Engineer II Overtime Class Members are all similarly situated in that they shared common job duties and descriptions, and all were subject to Defendant's policy which classified them as exempt and denied them overtime compensation for hours worked in excess of twelve (12) hours per workday and/or forty (40) hours per workweek, which violates the Colorado Wage Order.

47. Class certification of this claim for violations of the Colorado Wage Order is appropriate pursuant to Fed. R. Civ. P. 23 in that:

48. Plaintiff's state law claim satisfies the numerosity standard of a class action. The persons in the Colorado Video Engineer II Overtime Class Members identified above are so numerous that joinder of all members is impractical. Although the precise number of potential class members is unknown to Plaintiff, and the facts on which the calculation of that number are presently within the sole control of CenturyLink, upon information and belief, there are at least fifty (50) Colorado Video Engineer II Overtime Class Members.

49. There are questions of law and fact arising in this action which are common to Plaintiff and the Colorado Video Engineer II Overtime Class Members, including:

    - Whether Defendant employed the Colorado Video Engineer II Overtime Class Members within the meaning of the Colorado Wage Order;
    - Whether Defendant's policies and practices described within this Complaint are illegal;
    - Whether Defendant failed to pay the Colorado Video Engineer II Overtime Class Members overtime premiums for all hours worked in excess of forty (40) hours per workweek or twelve (12) hours in a single workday;

- Whether Colorado Video Engineer II Overtime Class Members are paid for all of the time they work;
- Whether Defendant failed to pay appropriate overtime premiums to the Colorado Video Engineer II Overtime Class Members in violation of the Colorado Wage Order;
- Whether Defendant classified the Colorado Video Engineer II Overtime Class Members as exempt under the Colorado Wage Order;
- Whether Defendant maintains accurate records of the time the Colorado Video Engineer II Overtime Class Members' work;
- Whether Defendant's actions were willful; and
- Whether Defendant is liable for all damages claimed hereunder, including, but not limited to, compensatory, punitive and statutory damages, interest, costs, and attorneys' fees.

50. Plaintiff's claim is typical of the claims of the Colorado Video Engineer II Overtime Class Members. Plaintiff performed substantially the same job as the Colorado Video Engineer II Overtime Class Members. Defendant also paid Plaintiff and the Colorado Video Engineer II Overtime Class Members pursuant to the same policy and procedure. Plaintiff and the Colorado Video Engineer II Overtime Class Members were victims of the same wrongful conduct engaged in by Defendant in violation of the Colorado Wage Order.

51. Plaintiff will fairly and adequately protect the interests of the Colorado Video Engineer II Overtime Class Members.

52. Plaintiff has retained counsel who is competent and experienced in class action and complex litigation involving compensation claims.

53. Plaintiff has no interests which are adverse to or in conflict with other Colorado Overtime Class Members.

54. Class certification of the respective Class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Plaintiff and the Colorado Video Engineer II Overtime Class Members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that: (a) there is minimal interest of members of this Class in individually controlling their prosecution of claims under the Colorado Wage Order; (b) it is desirable to concentrate all the litigation of these claims in this forum; and (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

55. In the absence of a class action, Defendant would be unjustly enriched because they would be able to retain the benefits and fruits of the wrongful violation of the Colorado Wage Order; and

56. The class action mechanism is superior to any alternatives which might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against a large, well-represented corporate defendant. Numerous repetitive individual actions would

11

also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct over and over again.

## CenturyLink's Liability

57. CenturyLink is aware of wage and hour laws, as evidenced by the fact that they provide overtime compensation to other employees who are not Video Engineer IIs.

58. CenturyLink has previously been sued for wage and hour violations including by other Engineer IIs.

59. CenturyLink's unlawful conduct has been widespread, repeated, and consistent.

60. CenturyLink's conduct, as set forth in this Complaint, was willful and not in good faith, and has caused significant damages to Plaintiff and other Video Engineer IIs.

61. CenturyLink is liable under the FLSA for failing to properly compensate Plaintiff and the Video Engineer II FLSA Collective Class and Colorado Video Engineer II Overtime Class Members, and as such, notice should be sent to both classes. There are numerous similarly situated, current and former employees of CenturyLink who have been denied overtime pay in violation of the FLSA and Colorado law who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to CenturyLink and are readily identifiable through CenturyLink's records.

## COUNT I
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT
### Overtime Claims – Video Engineer II FLSA Collective Class

62. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

63. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

64. Plaintiff Thompson and the Video Engineer II FLSA Collective Class are entitled to be paid overtime compensation for all overtime hours worked.

65. Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff Thompson and the Video Engineer II FLSA Collective Class for all of their overtime hours worked.

66. Defendant violated the FLSA, 29 U.S.C. § 201 *et seq.*, by failing to compensate Plaintiff Thompson and the Video Engineer II FLSA Collective Class for overtime compensation.

67. Plaintiff Thompson and the Video Engineer II FLSA Collective Class do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

68. By failing to record, report, and/or preserve records of all hours worked by Plaintiff Thompson and the Video Engineer II FLSA Collective Class, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

69. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

70. Plaintiff Thompson, on behalf of himself and the Video Engineer II FLSA Collective Class, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours

in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

71. Plaintiff Thompson, on behalf of himself and the Video Engineer II FLSA Collective Class seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Rule 23 Class Action Under the Colorado Wage Order
### Overtime Claims – Video Engineer II Colorado Overtime Class

72. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

73. At all relevant times, Defendant has been, and continues to be, an "employer" as defined under the Colorado Wage Order.

74. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated current and former employees.

75. Defendant illegally classified Plaintiff and the Video Engineer II Colorado Overtime Class Members as exempt, and thus failed to pay them the overtime compensation required by Colorado law.

76. In particular, the Colorado Wage Order requires that Defendant pay its non-exempt, hourly employees time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours per workweek, all hours worked in excess of twelve (12) hours in any workday, and all hours worked more than twelve (12) consecutive hours regardless of the workday, whichever calculation results in the greater payment of wages.

77. Plaintiff and the Video Engineer II Colorado Overtime Class Members are non-exempt employees entitled to be paid overtime compensation for all hours which qualify under the Colorado Wage Order.

78. Defendant's conduct denies such Class Members overtime pay and is a direct violation of the Colorado Wage Order.

79. Because Defendant failed to properly pay overtime compensation as required by Colorado law, Plaintiff and the Video Engineer II Colorado Overtime Class Members are entitled to all overtime compensation due to them at a rate of one and one-half times their regular rate of pay for all overtime hours worked in the past three years and reasonable attorneys' fees.

**WHEREFORE,** Plaintiff, on behalf of himself and all members of the Video Engineer II FLSA Collective Class and the Video Engineer II Colorado Overtime Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the Video Engineer II FLSA Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Video Engineer II FLSA Collective Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Designation of this action as a class action under Fed. R. Civ. P. 23 on behalf of the Video Engineer II Colorado Overtime Class Members and issuance of notice to the members of that class apprising them of the pendency of this action;

C. Designation of Plaintiff as the representative of the Video Engineer II FLSA Collective Class and the Video Engineer II Colorado Overtime Class;

D.	Designation of undersigned counsel as class counsel for the Video Engineer II FLSA Collective Class and the Video Engineer II Colorado Overtime Class;

E.	A declaration that Defendant is financially responsible for notifying the Video Engineer II FLSA Collective Class and Video Engineer II Colorado Overtime Class Members of Defendant's alleged wage and hour violations;

F.	Judgment against Defendant for an amount equal to Plaintiff's and the Video Engineer II FLSA Collective's and Video Engineer II Colorado Overtime Class' unpaid overtime wages at the applicable rates;

G.	A finding that Defendant's conduct was willful;

H.	An equal amount to the unpaid overtime wages as liquidated damages;

I.	All costs and attorneys' fees incurred prosecuting these claims, including expert fees;

J.	Pre-judgment and post-judgment interest, as provided by law; and

K.	Such further relief as the Court deems just and equitable.

## **Demand for Jury Trial**

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated:  July 19, 2017

Respectfully Submitted,

*/s/ Rowdy B. Meeks*
Rowdy B. Meeks, KS# 16068
**ROWDY MEEKS LEGAL GROUP LLC**

8201 Mission Rd., Suite 250
Prairie Village, Kansas 66208
Tel: (913) 766-5585
Fax: (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com


*/s/ Tracey F. George*
Tracey F. George, MO# 52361
**DAVIS GEORGE MOOK LLC**
1600 Genessee, Suite 328
Kansas City, Missouri 64102
Tel: (816) 569-2629
Fax: (816) 447-3939
tracey@dgmlawyers.com
www.dgmlawyers.com
*Pro Hac Vice Motion Forthcoming*

Attorneys for Plaintiffs

17