DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-1745-WJM-KMT

ALAN THOMPSON, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

QWEST CORPORATION dba CENTURYLINK QC, and
CENTURYTEL SERVICE GROUP, LLC

      Defendants.

### COLLECTIVE ACTION SETTLEMENT AGREEMENT

This Collective Action Settlement Agreement resolves the matter captioned *Thompson v. Qwest Corporation dba CenturyLink QC and CenturyTel Service Group, LLC,* **No. 1:17-cv-1745-WJM-KMT (D. Colo.),** and is entered into between the Named Plaintiff Alan Thompson ("Plaintiff"), on the one hand, who represents the individuals who have submitted and/or who will submit consent to join forms and who agree to participate in this Settlement, and Defendants Qwest Corporation dba CenturyLink QC and CenturyTel Service Group, LLC ("Defendants") on the other hand.

### FACTUAL BACKGROUND AND RECITALS

1.     Plaintiff filed his Complaint in the United States District Court for the District of Colorado on July 19, 2017, asserting collective action claims for unpaid overtime wages allegedly owed to him and other similarly situated Video Engineer IIs under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA"). (Doc. 1).

1

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

2.      Plaintiff filed his Amended Complaint, reasserting substantially the same claims, on September 11, 2017. (Doc. 14).

3.      Defendants filed their Answers to Plaintiff's Amended Complaint denying liability and asserting several affirmative defenses on September 25, 2017. (Docs. 25-26).

4.      The parties submitted a proposed scheduling order (Doc. 20) and subsequently participated in a scheduling conference with the Court on September 27, 2017.  (Doc. 29).

5.      From September 2017 through January 2018, Plaintiff and Defendants discussed the Action in depth including Plaintiff's claims and Defendants' defenses.  Defendants produced extensive compensation and employment information for Plaintiff and other employees in the putative Video Engineer collective so that the Parties could more fully discuss and evaluate the claims and defenses.

6.      On December 28, 2017, Plaintiff filed his Motion for FLSA Conditional Collective Action Certification and Notice (Doc. 34), and the Parties continued their settlement discussions and further evaluated the data the Parties had exchanged regarding their respective claims and defenses.

7.      On January 18, 2018, Defendants filed their brief in opposition to Plaintiff's conditional certification motion, vigorously arguing against Plaintiff's allegations and collective action treatment. (Doc. 36).

8.      Throughout this litigation, the Parties exchanged substantial information and data necessary to fully and fairly evaluate the FLSA putative Collective Members' claims, including employees' dates of employment, weeks worked during the relevant time period, timekeeping, and compensation data, and other employment data such as arbitration agreements and other employee records.

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

9.      Plaintiff and his counsel have conducted a comprehensive investigation and evaluation of the facts and law relating to the claims asserted in the Action. In light of the costs, risks, and delay of continued litigation balanced against the benefits of settlement to the FLSA Collective, Plaintiff and his counsel believe that the settlement as provided in this Agreement is in the best interests of the FLSA Collective and represents a fair, reasonable, and adequate resolution of the claims in the Action.

10.     Defendants denied and continue to deny all of Plaintiff's allegations in the Action. Defendants enter into this Agreement expressly disavowing any fault, liability, and/or wrongdoing. This Agreement is in compromise of disputed claims between and among the Parties. Nothing in this Agreement shall be construed as an admission by Defendants, or by any of Defendants' current or former employees or agents, of a breach of any duty, obligation, or contract, a violation of any right of Plaintiff or of any other person, or a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law. Defendants specifically disclaim any liability to, any breach of any duty or obligation to, or any unlawful action against Plaintiff or any other person. Defendants also specifically deny any violations of any statute, regulation, judicial doctrine, or other law as alleged in the Action or otherwise.

11.     Nonetheless, without admitting or conceding any liability or responsibility for damages, Defendants have agreed to settle the Action on the terms and conditions set forth in this Agreement to avoid the burden, expense, inconvenience, and uncertainty of continuing litigation.

## TERMS OF THE AGREEMENT

In consideration of the mutual promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

3

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

1. **Definitions.**  The following terms have the following meanings:

**"Administrator"** means Analytics LLC.

**"Action"** means the above-captioned collective action lawsuit.

**"Agreement"** means this "Collective Action Settlement Agreement."

**"Collective Counsel"** means Rowdy Meeks Legal Group LLC and Davis George Mook LLC.

**"FLSA Collective Members"** means all individuals who worked as an Engineer II in Defendants' Video Operations business unit ("Video Engineer IIs") during the applicable FLSA limitations period and listed in the agreed spreadsheet provided to the Administrator by the Parties.

**"Court"** means the United States District Court for the District of Colorado.

**"Defendants"** means Qwest Corporation dba CenturyLink QC and CenturyTel Service Group, LLC.

**"Defense Counsel"** means Bryan Cave LLP.

**"Effective Date"** means the date this Court approves the Settlement and dismisses this Lawsuit.  This Settlement shall be deemed final and effective immediately upon the Court's entry of an Order dismissing the Lawsuit.

**"FLSA Weeks"** means the number of weeks the FLSA Collective Member worked and was not paid any overtime compensation as a Video Engineer II for Defendants during the applicable FLSA statute of limitations period for the FLSA Weeks set forth in the Spreadsheet (as defined below).

**"Gross Settlement Amount"** means the amount of $275,000.00. This amount will cover the settlement allocations to Plaintiff and FLSA Collective Members, attorneys' fees and costs,

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

and service award, and the Administrator's costs, such that Defendants' settlement liability shall not exceed the sum of $275,000.00 except for Defendants' share of the required payroll taxes. Defendants shall pay its employer's share of the required payroll taxes in addition to the $275,000.00 amount.

**"Net Settlement Amount"** means $275,000.00 *minus* any Service Payment to Plaintiff as provided in Paragraph 2(C), *minus* any attorney's fees and expenses as provided in Paragraph 2(D), and *minus* the Administrator's expenses to administer the Lawsuit as provided in Paragraph 2(E).

**"Notice Form"** means a document substantially similar to the document attached as Exhibit A.

**"Participating FLSA Collective Members"** means all FLSA Collective Members who return a Consent to Join Form (in a form substantially similar to the document attached as Exhibit A-1) consenting to join this Action.

**"Parties"** refers jointly to Plaintiff and Defendants.

**"Plaintiff"** means Alan Thompson.

**"Released Parties"** means Defendants and any of their parents, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or other persons or entities acting on its behalf.

**"Relevant Time Period"** means the time period during the applicable FLSA statute of limitations in which a FLSA Collective Member worked and was not paid any overtime as a Video Engineer II for Defendants during the FLSA Weeks set forth in the Spreadsheet (as defined below).

**"Settlement"** means the terms and conditions described in this Agreement.

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

**2. Settlement Fund and Allocation.**

A.    Settlement Fund Allocation.  Each FLSA Collective Member shall be allocated a proportionate share of the Net Settlement Amount (the "FLSA Collective Member Fund").

B.    Allocation of the FLSA Collective Member Fund

(i)    Each FLSA Collective Member shall be allocated the same minimum dollar amount of $500 from the FLSA Collective Member Fund ("Minimum FLSA Collective Member Allocation") plus their "Individual FLSA Collective Member Share" (together, the "Individual FLSA Collective Member Allocation").

(ii)    The FLSA Collective Member Fund, less the sum of each FLSA Collective Member's Minimum FLSA Collective Member Allocation, shall equal the "Net FLSA Collective Member Fund."

(iii)    The "Individual FLSA Collective Member Share" of the "Net FLSA Collective Member Fund" shall be determined using the following formula:

1.    **Calculate Each FLSA Collective Member's Points.**  For each FLSA Collective Member, multiply the Member's average weekly compensation for FLSA Weeks during the Relevant Time Period by the total number of his or her FLSA Weeks during the Relevant Time Period. The result for each FLSA Collective Member is the "FLSA Collective Member's Points."

2.    **Calculate "Net Share Per Point."**  Add up each of the "FLSA Collective Member's Points" to determine the "Total FLSA Collective Member Points." Divide the Net FLSA Collective Member Fund by the "Total FLSA Collective Member Points." The result is the "Net Share Per Point."

3.    **Calculate Each FLSA Collective Member's Share.**  For each FLSA Collective Member, multiply the "FLSA Collective Member's Points" by the "Net Share Per Point" to determine the "Individual FLSA Collective Member Share."

C.    Service Payment to Plaintiff.  Named Plaintiff Alan Thompson will receive, and Defendants do not oppose, a service payment in the amount of $5,000.00.  This service payment

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

is in recognition of his efforts to pursue the claims raised in this Action on behalf of the FLSA Collective Members, including providing information, including a sworn declaration in support of Plaintiff's conditional certification motion, and otherwise assisting Collective Counsel with the prosecution of the litigation. The service payment will be made at the same time and in addition to the Individual FLSA Collective Member Allocation payment from the FLSA Collective Member Fund.

       D.    <u>Attorneys' Fees and Expenses</u>.  Collective Counsel will seek (and Defendants will not oppose) Court approval of fees of One-Third of the Gross Settlement Amount or $91,666.67 as attorney fees, plus expenses of $510.00.  The Settlement is ***not*** contingent upon the Court's approval of this amount. Within ten (10) business days after Defendants wire the entire $275,000.00 amount to the Administrator, the Administrator will wire to Collective Counsel an amount equaling any Court-approved fees and expenses.  The Administrator will issue Collective Counsel one or more IRS Forms 1099 for the attorneys' fees and costs paid under this Agreement.  Collective Counsel is solely responsible for the payment of any taxes associated with any payment of attorney fees and/or expenses to Collective Counsel.

       E.    <u>Settlement Administration Expenses</u>.  The Settlement will be administered by a third-party administrator, Analytics LLC ("Administrator"). Reasonable fees and expenses of the Administrator shall be deducted from the Gross Settlement Amount.

       **3. <u>Maximum Gross Settlement Amount</u>.**  Defendants' total payment under this Settlement will not under any circumstances exceed $275,000.00 except that Defendants shall also be responsible for Defendants' portion of FICA/Medicare wage withholdings on the portion of the Net Settlement Amount from which withholdings are made.  The Administrator shall notify Defendants of that amount, and Defendants shall remit it to the

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

Administrator who shall properly report and pay those amounts. Defendants will wire the entire $275,000.00 amount to the Administrator within thirty (30) calendar days after the Effective Date.    Additionally, the Administrator shall notify Defendant of the amount needed to cover the Defendants' portion of FICA/Medicare withholdings, which Defendants shall wire to the Administrator within seven (7) business days from the date Defendants receive such notification.

4. **Condition Precedent.**    This Settlement is conditioned on the passage of the Effective Date.

5. **Release.**    As of the Effective Date, each Participating FLSA Collective Member (on behalf of himself/herself and his/her heirs, spouses, administrators, executors, assigns, and representatives) releases and forever discharges the Released Parties from all legal or equitable claims for unpaid wages, underpayment of wages, unpaid overtime, underpayment of overtime, unpaid meal or rest premiums; unpaid bonuses or underpayment of bonuses on account of not having paid overtime allegedly due; claims for additional bonus eligibility or amounts due to the wages paid with this Settlement; or any claims of violations arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Colorado Minimum Wage Order, 7 CCR § 1103, the Colorado Wage Act, Colo. Rev. Stat. §§ 8-4-101,  *et seq.*, or any other federal, state, or local, or other constitutional provisions, statutes, ordinances, common laws, or other laws, relating to pay, compensation, or remuneration arising from July 19, 2014 to the Effective Date while the Participating FLSA Collective Member worked in the FLSA Weeks in the Spreadsheet, and either asserted in or reasonably related to the Action.

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

**6. Approval Motion.** No later than five (5) business days after the execution of this Agreement, Collective Counsel will file with the Court an unopposed motion seeking, *inter alia*, entry of an order approving the Settlement.

**7. Collective Notice and Settlement Administration.**

A.    Calculation of Payment Amounts for Each FLSA Collective Member. No later than seven (7) business days after the Effective Date of this Agreement, Defendants will provide to Collective Counsel and the Administrator an electronic Excel spreadsheet listing each FLSA Collective Member's name; state of employment; last known residential address; last known telephone number; personal e-mail address (if known); number of FLSA Weeks worked for Defendants while in the Video Engineer II position and not paid overtime from the start of the applicable three year statute of limitations through the Effective Date; and average weekly pay for FLSA Weeks (the "Spreadsheet"). The Parties shall provide the Administrator with all necessary cooperation, including but not limited to the execution of all documents necessary to administer the Settlement. Defendants will provide any other information to Collective Counsel and the Administrator necessary to enable it to perform the calculations described in Paragraphs 2(A)-2(B) and to obtain current contact information.

B.    Review of Payment Amount Calculations. Within ten (10) business days of receipt of the Spreadsheet and any other information identified in the previous subparagraph 7(A), the Administrator shall calculate the settlement allocations pursuant to the formulas provided in Paragraphs 2(A)-2(E) of this Agreement, and the Administrator shall provide the calculations to Collective Counsel and Defense Counsel. Collective Counsel and Defense Counsel will review the calculations for accuracy and cooperate in good faith to resolve any calculation errors within no later than five (5) business days.

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

C.    Distribution of Settlement Notice.  Within five (5) business days of the Parties

approving the Settlement calculations, the Administrator shall issue the Settlement Notice and

Consent Form to FLSA Collective Members (in a form substantially similar to Exhibit A), along

with a postage-paid return envelope.

D.    Participating FLSA Collective Members.  FLSA Collective Members shall have

sixty (60) calendar days from the notice-mailing date to return a signed Consent to Join Form

(the "Claim Period") if they wish to participate in the Settlement.  FLSA Collective Members

who return a signed Consent to Join Form ("Participating FLSA Collective Members") will

release overtime claims as set forth in Paragraph 5 above.

E.    Distribution of Settlement Checks. Within seven (7) business days following the

close of the Claim Period, the Administrator will provide Plaintiff's Counsel and Defense

Counsel a list of Participating FLSA Collective Members. As soon as reasonably practical

following the close of the sixty (60) day claim period, the Administrator shall mail eac

Participating FLSA Collective Member a check for his or her Individual FLSA Collective

Member Allocation and, in the case of Alan Thompson, and Service Award.  Within 125

calendar days after issuance, the Administrator will provide to Collective Counsel and Defense

Counsel copies of the back of each check, as endorsed by the recipient.

F.    Unclaimed FLSA Collective Member Allocation.  Any Individual FLSA

Collective Member Allocation that is unclaimed because the FLSA Collective Member does not

become a Participating FLSA Collective Member, shall revert back to Defendants within ten (10)

calendar days.  For any Participating FLSA Collective Member who does not cash his/her

settlement check or replacement check within 120 calendar days after issuance, the

Administrator will stop payment on the check and remit the funds to the relevant State unclaimed

10

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

property fund in the Participating FLSA Collective Member's name within ten (10) calendar days.

      G.    Undeliverable Settlement Materials.  If materials sent to an FLSA Collective Member are returned as undeliverable, the Administrator shall promptly undertake reasonable steps to determine the FLSA Collective Member's current address and, if an additional address is located, to send the materials to the updated address.

      H.    Tax Treatment of Payments to Participating FLSA Collective Members.  For individual settlement allocations as set forth in Paragraph 2(A)-2(B) above, fifty percent (50%) of the amount(s) paid to each Participating FLSA Collective Member under this Agreement shall be reported by the Administrator as wages to the appropriate taxing authorities on a Form W-2 issued to the Participating FLSA Collective Member with his or her taxpayer identification number, and shall be subject to deductions for applicable taxes and withholdings as required by federal, state, and local law. The remaining fifty percent (50%) of the amount(s) paid to each Participating FLSA Collective Member will be allocated to liquidated damages, interest, and/or penalties, and reported by the Settlement Administrator as non-wage income to the appropriate taxing authorities on a Form 1099 issued to the Participating FLSA Collective Member. The service payment set forth in Paragraph 2(C) will be treated as non-wage income and reported by the Administrator to the appropriate taxing authorities on a Form 1099 issued to Plaintiff. The Settlement Administrator will be responsible for issuing the appropriate W-2 and 1099 forms and for ensuring payment to the appropriate federal and state taxing authorities in the amount required to cover the Defendants' portion of FICA/Medicare taxes for each Participating FLSA Collective Member. Each Participating FLSA Collective Member shall be responsible for any taxes associated with the Form 1099 payment.

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

**8. Cooperation Clause.**  The Parties agree to cooperate in good faith to effectuate the Settlement of the Action, including securing the Court's approval of the Agreement/dismissal of the Action and assisting with the administration of the Settlement in accordance with the terms of this Agreement.

**9. Court Retains Jurisdiction to Enforce Agreement.**  The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.  Any action to enforce this Agreement shall be commenced and maintained only in this Court.

**10. Entire Agreement.**  This Agreement embodies the entire agreement between the Parties, which controls over any prior communications regarding the Settlement.  In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

**11. Successors.**  The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

**12. No Admissions.**  Nothing in this Agreement constitutes an admission or suggestion of liability by any Party.  Defendants deny any wrongdoing and continue to assert that, absent this Settlement, they ultimately would prevail in the Action.

**13. Court Approval Not Obtained.**  If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendants will not oppose Plaintiff's opportunity to file a reply brief in support of his conditional certification motion and Defendants will not have waived, compromised,

12

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

or impacted any objections or defenses to Plaintiff's claims or the propriety of class-wide or collective litigation.

14.    **Duty to Defend.**    The Parties and their counsel will support the Agreement against any legal challenge.

15.    **Warranty of Authority.**    Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

16.    **Evidentiary Privilege.**    This Agreement and all associated negotiations are covered by Federal Rule of Evidence 408.

17.    **Written Modifications.**    This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

18.    **Execution.**    This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or other electronic means will constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes. Signatures of the Parties transmitted by facsimile or other electronic means will be deemed to be their original signatures for any purpose whatsoever.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:

**PLAINTIFF**

Date: 2/21/2018 _____     By: _Alan Thompson_____

Printed Name: Alan Thompson

**ON BEHALF OF DEFENDANT QWEST CORPORATION DBA CENTURYLINK QC**

Date: _____     By: _____

Printed Name: _____

Title: _____

**ON BEHALF OF DEFENDANT CENTURYTEL SERVICE GROUP, LLC**

Date: _____     By: _____

Printed Name: _____

Title: _____

14

IN WITNESS WHEREOF, and intending to be legally bound, the Parties execute this

Agreement on the dates indicated below:

**PLAINTIFF**

Date: _____     By: _____
                            Printed Name:  Alan Thompson

**ON BEHALF OF DEFENDANT QWEST CORPORATION DBA CENTURYLINK QC**

Date: Feb 20, 2018     By: _____

                       Printed Name: Andrew J Dugan

                       Title: SVP Tech Planning, Net Arch & Security

**ON BEHALF OF DEFENDANT CENTURYTEL SERVICE GROUP, LLC**

Date: Feb 20, 2018     By: _____

                       Printed Name: Andrew J Dugan

                       Title: SVP Tech Planning, Net Arch & Security

14

DocuSign Envelope ID: AE66388C-F974-4882-A656-94F36A545480

**Reviewed and approved as to form by counsel:**

**ROWDY MEEKS LEGAL GROUP LLC**

Date: _2/21/2018_

By: _Rowdy Meeks_
Printed Name: Rowdy B. Meeks
Attorney for Plaintiff and Participating FLSA
Collective Members

**DAVIS GEORGE MOOK LLC**

Date: _2/21/2018_

By: _Tracey George_
Printed Name: Tracey F. George
Attorney for Plaintiff and Participating FLSA
Collective Members

**BRYAN CAVE LLP**

Date: _____

By: _____
Printed Name: Charles Jellinek
Attorney for Defendants

15

Reviewed and approved as to form by counsel:

**ROWDY MEEKS LEGAL GROUP LLC**

Date: _____     By: _____
                          Printed Name:  Rowdy B. Meeks
                          Attorney for Plaintiff and Participating FLSA
                          Collective Members

**DAVIS GEORGE MOOK LLC**

Date: _____     By: _____
                          Printed Name:  Tracey F. George
                          Attorney for Plaintiff and Participating FLSA
                          Collective Members

**BRYAN CAVE LLP**

Date: 2-21-2018     By: _____
                    Printed Name:  Charles Jellinek
                    Attorney for Defendants

15

# EXHIBIT A

Settlement Notice & Consent to Join Form

**DEADLINE TO SIGN AND RETURN ENCLOSED CONSENT FORM:  [DATE 60 DAYS FROM MAIL DATE]**

<u>**ALAN THOMPSON v. QWEST CORPORATION d/b/a CENTURYLINK QC, and
CENTURYTEL SERVICE GROUP, LLC**</u>

U.S. District Court, District of Colorado, Civil Action No.: 1:17-cv-1745-WJM-KMT

# <u>YOU MAY BE ENTITLED TO BENEFITS UNDER THIS SETTLEMENT</u>

TO:      **<<First_Name>> <<Last_Name>>**

**YOUR ELIGIBLE SETTLEMENT AMOUNT: << SETTLEMENT AMOUNT>>**

### <u>VIDEO ENGINEER IIs</u>

This Notice is to inform you that the Parties have reached a Settlement Agreement ("Settlement") in the wage and hour lawsuit entitled Thompson v. Qwest Corporation d/b/a CenturyLink QC and CenturyTel Service Group, LLC, No. 1:17-cv-1745-WJM-KMT (D. Colo.).

This Notice is to inform you about the Settlement, including your right to receive a share of the settlement funds for claims under the Fair Labor Standards Act (federal law). You **must return a signed Consent to Join Form** to participate in this Settlement and receive money proceeds. However, your legal rights are affected and you have options:

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **Return A Signed Consent to Join Form** | Get a money payment for your share of the Settlement. Release your wage claims as explained below. |
| **Do Nothing** | Get no payment from this lawsuit.  But, you will retain any rights you may have regarding the claims in this case. |

This Notice explains your options.  Please read it carefully.  To participate in this Settlement, you must act before **[60 days from mailing]**.

| 1. DESCRIPTION OF THE LAWSUIT |
|---|

Plaintiff Alan Thompson ("Plaintiff") filed this case against Defendants Qwest Corporation d/b/a/ CenturyLink QC and CenturyTel Service Group, LLC ("Defendants" or "CenturyLink") on behalf of himself and all current and former Engineer IIs in CenturyLink's Video Operations Business Unit, employed in the past three years ("Video Engineer IIs"). Plaintiff contends CenturyLink failed to pay Video Engineer IIs overtime for hours worked in excess of 40 hours a week. Plaintiff seeks back overtime pay, additional damages in an amount equal to unpaid overtime, plus attorneys' fees and costs.

**DEADLINE TO SIGN AND RETURN ENCLOSED CONSENT FORM:**  [DATE 60 DAYS FROM MAIL DATE]

CenturyLink denies these allegations and also set forth affirmative defenses.  CenturyLink wishes to settle this litigation to avoid costly and time-consuming litigation, but does not admit to any wrongdoing or liability.

| 2. WHO IS INCLUDED IN THE SETTLEMENT? |
|---|

Video Engineer IIs who worked for CenturyLink at any time during the last three years are eligible to participate in this Settlement.  CenturyLink's employment records indicate you are eligible.

**IMPORTANT**:  You must sign and return the enclosed "Consent to Join Form" ("Consent Form") to receive your Eligible Settlement Amount listed on page 1 of this Notice. If you do not sign and return the enclosed Consent Form, you are not included in the Settlement, you will not receive any Settlement proceeds, and you retain your rights file your own lawsuit at your own expense if you wish.

An addressed and postage paid envelope is enclosed for your convenience. Should the envelope be lost or misplaced, the Consent Form should be faxed to [FAX NUMBER] or mailed to:

**Video Engineer II Overtime Lawsuit**
**[TPA ADDRESS 1]**
**[TPA ADDRESS 2]**
**tracey@dgmlawyers.com**

If you complete the enclosed Consent Form, you will be designating Plaintiff and attorneys Rowdy Meeks Legal Group LLC and Davis George Mook LLC to act on your behalf and to represent your interests in connection with this Settlement. If you wish to discuss this matter, you may contact Plaintiff's attorneys directly at (816) 569–2629 ext. 2  By contacting Davis George Mook LLC, you will have the opportunity to discuss in detail the nature of the case and the terms of Plaintiff's attorney's representation.

| 3. YOUR TIME TO JOIN IS LIMITED. |
|---|

The signed Consent Form must be returned by [60 Days From Mail Date]. If your signed Consent Form is not returned by [60 Days From Mail Date], you will lose the right to participate in this Settlement.

| 4. WHAT ARE THE BENEFITS AND TERMS OF THE SETTLEMENT? |
|---|

CenturyLink has agreed to pay $275,000 ("Gross Settlement Amount"), inclusive of attorneys' fees and costs, a service award to Plaintiff, and administrative costs to resolve the overtime claims of Video Engineer IIs.  **If you return a signed Consent Form no later than [60 days from Mail Date]**, you will receive your Eligible Settlement Amount reflected on page 1 of this Notice.

Your Eligible Settlement Amount includes a Minimum Allocation of $500, plus your pro rata share of the "Net FLSA Collective Member Fund" (which equals the Gross Settlement Amount minus attorneys' fees, minus a service award to Plaintiff, and minus administrative costs).

Your pro rata share of the Net FLSA Collective Member Fund is determined using the following equitable point system:

1. **Calculate Each FLSA Collective Member's Points.**  For each FLSA Collective Member, multiply the Member's average weekly compensation for FLSA Weeks during the Relevant Time Period by the total number of his or her FLSA Weeks during the Relevant Time Period. The result for each FLSA Collective Member is the "FLSA Collective Member's Points."

**DEADLINE TO SIGN AND RETURN ENCLOSED CONSENT FORM:  [DATE 60 DAYS FROM MAIL DATE]**

    2.  **Calculate "Net Share Per Point."**  Add up each of the "FLSA Collective Member's Points" to determine the "Total FLSA Collective Member Points."  Divide the Net FLSA Collective Member Fund by the "Total FLSA Collective Member Points."  The result is the "Net Share Per Point."

    3.  **Calculate Each FLSA Collective Member's Share.**  For each FLSA Collective Member, multiply the "FLSA Collective Member's Points" by the "Net Share Per Point" to determine the "Individual FLSA Collective Member Share."

Your Eligible Settlement Amount, reflected on page 1 of this Notice, equals $500 plus your Individual FLSA Collective Member Share as calculated by the formula above.

One half of your settlement payment is considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes and any other withholdings required by law, and will be reported on an IRS Form W-2.  The remaining one-half of the settlement payment is considered compensation for interest and liquidated damages, will not be subject to payroll withholdings, and will be reported on an IRS Form 1099.  Please consult with your accountant or tax advisor regarding the tax consequences of the settlement payment.

| **5. NO RETALIATION PERMITTED** |
|---|

Federal law prohibits CenturyLink from terminating your employment, discharging you, or in any other manner discriminating against you because you participate in this Settlement or in any other way exercise your rights under the Fair Labor Standards Act.

| **6. PLAINTIFF'S ATTORNEYS' CONTACT INFORMATION** |
|---|

The attorneys representing Plaintiff and each Video Engineer II who chooses to participate in this Settlement are:

| | |
|---|---|
| Rowdy B. Meeks | Tracey F. George |
| **ROWDY MEEKS LEGAL GROUP LLC** | **DAVIS GEORGE MOOK LLC** |
| 8201 Mission Rd., Suite 250 | 1600 Genessee, Suite 328 |
| Prairie Village, Kansas 66208 | Kansas City, Missouri 64102 |
| Tel: (913) 766-5585 | Tel: (816) 569-2629 |
| Fax: (816) 875-5069 | Fax: (816) 447-3939 |
| Rowdy.Meeks@rmlegalgroup.com | tracey@dgmlawyers.com |

| **7. HOW MUCH ARE ATTORNEYS' FEES, EXPENSES, AND THE SERVICE AWARD?** |
|---|

Plaintiff's attorneys have pursued the lawsuit on a contingent basis and did not receive any payment of fees or any reimbursement of their out-of-pocket expenses during the litigation on behalf of Video Engineer IIs.  As part of the settlement, Plaintiff's attorneys will receive fees in an amount equal to $91,666.67, plus $510 in costs and expenses.  Under this settlement, attorneys' fees, costs and expenses are deducted from the Gross Settlement Amount and you will not be required to make any payments to attorneys from Your Eligible Settlement Amount.  The Settlement also provides a $5,000 Service Award from the Gross Settlement Amount to Plaintiff Alan Thompson for his work in pursuing this litigation on behalf of all Video Engineer IIs.

**DEADLINE TO SIGN AND RETURN ENCLOSED CONSENT FORM:  [DATE 60 DAYS FROM MAIL DATE]**

| 8. RELEASE OF CLAIMS |
|:---:|

**If you return a signed Consent Form no later than [60 days after Mail Date]** and claim your Eligible Settlement Amount, you (on behalf of yourself and your heirs, spouses, administrators, executors, assigns, and representatives) will release CenturyLink (and any of its parents, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, representatives) from all legal or equitable overtime claims arising from July 19, 2014 to the **[Effective Date]** either asserted in or reasonably related to the Action, including claims for unpaid wages, underpayment of wages, unpaid overtime, underpayment of overtime, unpaid meal or rest premiums; unpaid bonuses or underpayment of bonuses on account of not having paid overtime allegedly due; claims for additional bonus eligibility or amounts due to the wages paid with this Settlement; or any claims of violations arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., the Colorado Minimum Wage Order, 7 CCR § 1103, the Colorado Wage Act, Colo. Rev. Stat. §§ 8-4-101,  et seq., or any other federal, state, or local, or other constitutional provisions, statutes, ordinances, common laws, or other laws, relating to pay, compensation, or remuneration.

**If you do not timely return a Consent Form**, you will not receive your Eligible Settlement Amount and you will retain all your existing rights to file your own separate lawsuit, but you must do so at your own expense and within the applicable statute of limitations for filing your claims.

| 9. ARE THERE MORE DETAILS AVAILABLE? |
|:---:|

For additional information you may (1) contact the Settlement Administrator at **[insert TPA contact number]**, or (2) contact Plaintiff's attorneys by calling Tracey George at Davis George Mook LLC at 816-569-2629 ext. 2 or e-mailing tracey@dgmlawyers.com.

DATED:_____

**DEADLINE TO SIGN AND RETURN THIS CONSENT FORM:**    [DATE 60 DAYS FROM MAIL DATE]

**ALAN THOMPSON v. QWEST CORPORATION d/b/a CENTURYLINK QC, and
CENTURYTEL SERVICE GROUP, LLC**

U.S. District Court, District of Colorado, Civil Action No.: 1:17-cv-1745-WJM-KMT

# CONSENT TO JOIN FORM

**TO:**    <<First_Name>> <<Last_Name>>

**YOUR ELIGIBLE SETTLEMENT AMOUNT: << SETTLEMENT AMOUNT>>**

You should have reviewed the Settlement Notice mailed with this Consent Form to understand your rights under the Video Engineer II Settlement Agreement.  If, after reviewing that Notice, you wish to participate in the Settlement and receive the above Eligible Settlement Amount in exchange for releasing your wage claims described in the Notice, **you must complete this Consent Form and return it no later than [60 days from Mail Date].**

## CLAIMANT VERIFICATION

By signing below, I verify that I give my consent to participate in and make a claim against the Settlement. I agree and understand that, in exchange for receiving my Eligible Settlement Amount, I will release the claims described in the Settlement Notice, which accompanied this Claim Form.

_____          _____
**Signature**                                                              **Date Signed**

**IMPORTANT:  If you have a name or address change, please fill out the form on
the back of this page.**

QUESTIONS?  Call 816-569-2629 ext. 2 or email tracey@dgmlawyers.com