IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1745-WJM-KMT

ALAN THOMPSON, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

QWEST CORPORATION dba CENTURYLINK QC, and
CENTURYTEL SERVICE GROUP, LLC

    Defendants.

## ORDER REQUIRING FURTHER BRIEFING

This matter is before the Court on Plaintiff's Unopposed Motion for FLSA Settlement Approval. (ECF No. 40.) For the reasons explained below, the Court requires further briefing before it can decide whether to grant or deny this motion.

The Court understands that certain recent decisions, including from this District, have held that FLSA settlements do not require judicial approval. *See, e.g.*, *Ruiz et al. v. Act Fast Delivery of Colorado, Inc., et al.*, Case No.14-cv-870-MSK-NYW, ECF No. 132 (Jan. 9. 2017). The Court need not address that matter specifically because the Court has located no decision in which settlement approval was sought *before* conditional certification had been granted. The Court finds that this circumstance raises certain unique considerations. In particular, the Court is concerned about the form of notice as it may relate to the FLSA's two-year/three-year statute of limitations.

An FLSA opt-in plaintiff's damages are limited to wages that should have been paid in the two years (or, in willful cases, three years) before the opt-in plaintiff's "written

consent is filed in the court." 29 U.S.C. § 256(b).  Here, as far as the record reveals, twenty-three of the twenty-eight "Video Engineer II" employees that might participate in the lawsuit have received no notice and opportunity to opt in, and thus no opportunity to stop the statute of limitations from running on their wage claims.  In that light, the proposed form of notice may be inadequate when it generically informs the recipient that one who rejects the settlement "will retain any rights [he or she] may have regarding the claims in this case." (ECF No. 40-1 at 19.)  If a particular Video Engineer II separated from Defendants more than two or three years ago, it may be that his or her real choice is between the proposed settlement or nothing.  And even for those who separated, say, twenty months ago, it may be that their realistic recovery on a personal FLSA claim would be substantially less than what they are being offered in the proposed settlement.  This is information that notice recipients need to understand before they can make an informed choice.

In this light, the Court requires additional information from Plaintiff, in coordination with Defendants.  The Court therefore ORDERS as follows:

1. On or before **April 17, 2018**, Plaintiff shall submit a supplement to his Unopposed Motion for FLSA Settlement Approval (ECF No. 40) containing the following information:

    a. A description of any notice of this lawsuit, formal or informal (*e.g.*, word-of-mouth), known by Plaintiff or Plaintiff's counsel to have been distributed or disseminated in any form to potential opt-in plaintiffs;

    b. A list of potential opt-in plaintiffs, if any, that Plaintiff or Plaintiff's counsel know to have received some form of notice of this lawsuit, formal or

2

informal;

c. A list showing each potential opt-in plaintiff's last-worked date for either Defendant (or stating that the individual remains employed with one of the Defendants);

2. Defendants shall cooperate with Plaintiff's counsel to the extent necessary to obtain any information described above that is exclusively in Defendants' possession; and

3. If any information the Court calls for above implicates the privacy interests of a potential opt-in plaintiff, Plaintiff may file that information under Restricted Access, Level 1.

Dated this 27th day of March, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge