IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1745-WJM-KMT

ALAN THOMPSON, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

QWEST CORPORATION dba CENTURYLINK QC, and
CENTURYTEL SERVICE GROUP, LLC

    Defendants.

---

# ORDER GRANTING MOTION FOR FLSA SETTLEMENT APPROVAL

---

This is a lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Plaintiff Alan Thompson was an employee of Defendants under the title "Video Engineer II." Thompson claims that he and his fellow Video Engineer II employees ("VE2s") were required to work overtime but were not paid time-and-a-half for those overtime hours. Four other VE2s have also joined this lawsuit. (*See* ECF Nos. 4-1, 4-2, 6-1, 12-1.) Plaintiff filed a Motion for FLSA Conditional Collective Action Certification and Notice (ECF No. 34), which Defendants oppose (ECF No. 36).

Not long after Defendants filed their opposition, Plaintiff filed a notice of settlement. (ECF No. 37.) A few weeks later, the Plaintiff filed an Unopposed Motion for FLSA Settlement Approval ("Settlement Motion") (ECF No. 40), which is the motion currently before the Court.

The basic terms of the Settlement Agreement (ECF No. 40-1) are as follows:

- A total payout from Defendants of $275,000.

- Attorneys' fees to Plaintiff's counsel of one-third of that payout, *i.e.*, $91,666.67.

- Expenses to Plaintiff's counsel of $510.

- A service award to Plaintiff Thompson of $5,000.

- Distribution of the remaining money, "estimated to equal no less than $175,323.33" (ECF No. 40 at 5), among twenty-eight VE2s, which includes Plaintiff Thompson, the four other VE2s who also joined this suit, and twenty-three others that could have opted in. Each of these individuals will receive a minimum payment of $500, plus his or her share of the net settlement amount calculated based on the individual's number of work weeks since three years before this lawsuit started and the individual's average weekly compensation during that time. On average, each individual who accepts the settlement will receive $6,262.

- Any person who chooses to reject the settlement will retain his or her own FLSA claims and can bring them in a separate action.

The Court will refer to these terms as the "Proposed Settlement."

The Court understands that certain recent decisions, including from this District, have held that FLSA settlements do not require judicial approval. *See Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608 (W.D. Tex. 2005); *see also Ruiz et al. v. Act Fast Delivery of Colorado, Inc., et al.*, Case No. 14-cv-870-MSK-NYW, ECF No. 132 (D. Colo., Jan. 9, 2017). These decisions generally question the correctness of the holding in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), that the FLSA prohibits private compromise of wage claims. *Lynn's Food* is the authority on

which most courts, including this one, have relied as the basis for exercising authority over FLSA settlements.  *See, e.g.*, *Stransky et al. v. HealthONE of Denver, Inc.*, Case No. 11-cv-2888-WJM-MJW, ECF No. 326 (D. Colo., Nov. 10, 2015).

Under *Lynn's Food*, courts employ procedures analogous to Rule 23 class action settlements.  *See Whittington v. Taco Bell of Am., Inc.*, 2013 WL 6022972, at *4 (D. Colo. Nov. 13, 2013).  One might assume that Rule 23 procedures have been imported to the FLSA settlement context because FLSA claims may be brought as collective actions, which are somewhat similar to class actions.  However, such an assumption is probably mistaken.  The reasoning of *Lynn's Food* applies equally well to an individual settlement of an FLSA claim as it might to a collective action.  *Lynn's Food* concludes that a settlement for less than the full value of the wages and liquidated damages available under the FLSA is essentially a waiver of FLSA rights, and Congress did not intend FLSA claims to be waivable in any sense.  679 F.2d at 1352.

Having concluded as much, *Lynn's Food* might have stopped there and concluded that FLSA settlements are prohibited in all circumstances.  However, *Lynn's Food* drew upon a distinction it saw in Supreme Court case law "between a settlement agreement and a stipulated judgment entered in the adversarial context of an employees' suit for FLSA wages."  *Id.* at 1353 n.8.  Based on this distinction, *Lynn's Food* concluded that "a district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Id.* at 1353; *see also id.* at 1355 ("there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the

3

employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions"). Since then, *Lynn's Food* has been both honored as the pronouncement of a court's duty to scrutinize FLSA settlements and yet also partly ignored, since courts do not always enter a stipulated judgment (as opposed to approving the settlement *qua* settlement).

Whether *Lynn's Food* was correctly decided is certainly open to question. *See, e.g.*, *Manohar v. Sugar Food LLC*, 2017 WL 3173451, at *5 n.1 (D. Colo. July 26, 2017). But no party here has raised that question and the Court sees no reason to explore it *sua sponte* at this time. Accordingly, the Court will go forward under the assumption that it must approve the Proposed Settlement.

There is one more wrinkle, however, that requires mentioning. In this lawsuit, only five VE2s are actually before the Court. There is a pending motion for conditional certification of a collective action (ECF No. 34), but the parties have not asked for a ruling on that motion prior to any ruling on their Proposed Settlement. Accordingly, as to any potential collective action member not before the Court, the Court's analysis treats these persons as if they were before the Court. This is an unusual situation and the Court is not convinced that it is always appropriate to evaluate a Proposed Settlement affecting parties not formally before the Court. For reasons specific to this case, explained below, the Court is comfortable with this approach in these particular circumstances.

In this District, the general practice for reviewing a proposed FLSA settlement is to require a showing that "(1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement

4

contains a reasonable award of attorneys' fees." *Baker v. Vail Resorts Mgmt. Co.*, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (citing *Lynn's Food*, 679 F.2d at 1354). The Court will discuss each factor in turn.

**Bona Fide Dispute.**  The Court finds a bona fide dispute over at least the following:

- whether VE2s are exempt or nonexempt employees under the FLSA;

- whether any VE2 actually worked overtime after accounting for partial workweeks; and

- if an FLSA violation occurred, whether it was willful.

(*See* ECF No. 40 at 13.)

**Fair & Equitable.**  The Court finds that the Proposed Settlement is fair and equitable—including as against VE2s who have not received notice of this lawsuit and an opportunity to opt in—largely because it provides relief for a larger swath of time than the statute of limitations would likely allow if the various potential opt-in plaintiffs were to join this lawsuit or commence another one.

An FLSA opt-in plaintiff is only permitted to recover unpaid wages from the two years (or, in willful cases, three years) before the opt-in plaintiff's "written consent [to join the lawsuit] is filed in the court." 29 U.S.C. § 256(b). Unless a potential plaintiff has heard about the lawsuit independently (*e.g.*, from coworkers), potential plaintiffs usually do not know that they have a choice to opt in until the Court conditionally certifies a collective action and approves a notice plan. In this case, that has not happened yet, and so even if the Court were to conditionally certify a collective action today and direct some sort of immediate transmission of notice, most opt-in plaintiffs' would be limited to

seeking unpaid wages from roughly mid-2016 to date (or mid-2015, for willful violations—although, again, willfulness is seriously disputed). However, the Proposed Settlement reaches back to July 17, 2014, which is three years before Plaintiff Thompson filed this lawsuit. (*See* ECF No. 44-2.)

Moreover, the per-person monetary terms of the Proposed Settlement are sufficiently generous, guaranteeing a minimum of $500 to each VE2, plus that person's proportional share of the net settlement amount. On average, this proportional share provides compensation to each VE2 equal to about ten hours of overtime per applicable work week. (*See* ECF No. 40 at 12.)

Accordingly, the Proposed Settlement is fair and equitable.

***Reasonable Attorneys' Fees.*** The Proposed Settlement awards attorneys' fees to Plaintiffs' counsel of $91,666.67, representing one-third of the gross settlement payout. In situations such as this, where the Proposed Settlement creates a common fund, attorneys' fees of one-third or thereabouts are generally deemed reasonable. *See, e.g.*, *Whittington v. Taco Bell of Am., Inc.*, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) (39% of the fund awarded as fees); *Lucas v. Kmart Corp.*, 2006 WL 2729260, at *6 (D. Colo. July 27, 2006) (stating that "30% of the fund" is the "customary fee award . . . under the percentage of the fund approach"). Even so, the ultimate question is reasonableness in light of the hours expended. *See* Colo. RPC 1.5, cmt. 3. The Court has reviewed Plaintiffs' counsel's billing records and accepts counsel's representation, as officers of the Court, that they exercised appropriate billing judgment. (*See* ECF No. 46 ¶ 2.) The Court finds under the circumstances that Plaintiffs' counsel's 222.2 hours expended, exclusive of hours spent since filing the Settlement Motion and hours

6

counsel will spend in administering the settlement, are reasonable in relation to a fee of $91,666.67. That amount will be awarded.

***Service Award to Thompson.*** The reasonableness of a service award to a named Plaintiff is not generally listed as a factor to consider when deciding whether to approve a settlement. Nonetheless, "reasonable incentive payments" have become common for class representatives, *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003), and, apparently by analogy, for FLSA named plaintiffs as well. A $5,000 incentive award is comparatively on the lower end of awards deemed reasonable. *See, e.g.*, *Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 131 (D. Colo. 2016) ($7,500 award); *Dorn v. Eddington Sec., Inc.*, 2011 WL 9380874, at *7 (S.D.N.Y. Sept. 21, 2011) ($10,000 award).

The factors typically considered when reviewing an incentive award are most commonly stated in the context of certified class actions but the Court will apply them here as well, as adapted. Those factors are: "(1) the actions that the class representative took to protect the interests of the class; (2) the degree to which the class has benefited from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation." *Lucken Family Ltd. P'ship, LLLP v. Ultra Res., Inc.*, 2010 WL 5387559, at *6 (D. Colo. Dec. 22, 2010).

Plaintiff's counsel represents that Plaintiff Thompson "attached his name to this federal lawsuit, making the public and his future employers aware that he filed suit against his former employer." (ECF No. 40 at 19.) Plaintiff's counsel further represents that Thompson reached out to other potential plaintiffs, securing their participation; that he reviewed and approved the Complaint and aided in the investigation of claims; and

7

that he "advocated for" the potential collective action members "to achieve this Settlement." (*Id.* at 19–20.)

The Court finds that the foregoing justifies the $5,000 incentive award and it is therefore approved.

***Form of Notice.***  When Plaintiff originally moved for approval of the Proposed Settlement, the Court pointed out that the proposed form of notice did not adequately inform potential collective action members that the FLSA statute of limitations might cut off their damages such that their only hope of meaningful recovery would be through accepting the Proposed Settlement.  (*See* ECF No. 41.)  Plaintiff and Defendants have since agreed on an updated form of notice that explicitly warns recipients of the statute of limitations consequences that may flow from rejecting the Proposed Settlement and attempting to pursue an individual FLSA claim.  With these additions, the Court finds that the proposed form of notice (ECF No. 43-3) is adequate.

Accordingly, the Court ORDERS as follows:

1. Plaintiff's Motion for FLSA Conditional Collective Action Certification and Notice (ECF No. 34) is DENIED AS MOOT;
2. Plaintiff's Unopposed Motion for FLSA Settlement Approval (ECF No. 40) is GRANTED;
3. The Proposed Settlement is APPROVED in all respects, including an award of $91,666.67 in attorneys' fees, $510 in costs, and a $5,000 service award to Plaintiff Thompson;
4. The proposed form of notice, as amended (ECF No. 43-3), is APPROVED;
5. The Court shall retain jurisdiction to enforce the terms of the Settlement

Agreement (ECF No. 40-1); and

6. Pursuant to Plaintiff's request, all claims in this action are hereby DISMISSED. The parties shall bear their own fees and costs except as provided for above.

Dated this 11th day of May, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge